**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CHARLES ENGLAND,  <br>     Petitioner, <br>   v. <br> DAVID L. RUNNELS, warden, <br>     Respondent. | No. C 05-4843 SI (pr) <br><br> **ORDER TO SHOW CAUSE** |

## INTRODUCTION

John Charles England, an inmate at High Desert State Prison, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

England reports in his petition that he was convicted in Satna Clara County Superior Court of possession of methamphetamine, reckless evasion of police, resisting arrest, and being under the influence of methamphetamine assault with a deadly weapon and resisting arrest. He also was found to have suffered prior convictions. He was sentenced eventually to a term of 50 years to life in prison. He apparently appealed with partial success on a sentencing issue. He thereafter was resentenced. He appealed again. His conviction was affirmed by the California Court of Appeal and his petition for review was denied by the California Supreme Court. The U.S. Supreme Court denied his petition for writ of certiorari. He then filed this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition alleges the following claims: (1) England's Sixth Amendment right to a jury trial on the prior conviction was denied, (2) his right to due process was violated because there was insufficient evidence to prove that the prior convictions used for sentence-enhancement purposes had the required elements of a serious felony, (3) the trial court's failure to instruct sua sponte on the requirement of foreseeability of intervening causes violated England's rights under the Fifth, Sixth and Fourteenth Amendment rights to full instructions on the elements of a crime, (4) England's 50-years-to-life sentence amounts to cruel and unusual punishment prohibited by the Eighth Amendment. Liberally construed, the claims are cognizable in a federal habeas action and warrant a response from respondent.

**CONCLUSION**

For the foregoing reasons,

1. The petition states cognizable claims for habeas relief and warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **March 31, 2006**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on respondent on or before **April 28, 2006**.

5. The in forma pauperis application is GRANTED. (Docket # 2 and # 5.)

IT IS SO ORDERED.

DATED: January 23, 2006

_____
SUSAN ILLSTON
United States District Judge

3